**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

*Plaintiff*,

v. Civ. No. 19-916

$19,800.00 IN UNITED STATES CURRENCY,

*Defendant-in-rem.*

**VERIFIED COMPLAINT FOR FORFEITURE *IN REM***

Plaintiff, United States of America, brings this complaint in accordance with Supplemental Rule G(2) of the Supplemental Rules for Certain Admiralty or Maritime Claims and Asset Forfeiture Actions, and alleges as follows:

**NATURE OF THE ACTION**

1. This is a civil action to forfeit and condemn to the use and benefit of the United States of America property involved in violations of the Controlled Substances Act and 18 U.S.C. § 1952 that is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) and 18 U.S.C. § 981(a)(1)(C).

**DEFENDANT *IN REM***

2. The defendant *in rem* consists of the following: Nineteen thousand eight hundred dollars ($19,800.00) in United States Currency (hereafter referred to as "Defendant Currency").

3. The Defendant Currency was seized by the Drug Enforcement Administration on March 22, 2019, in the District of New Mexico.

4. The Defendant Currency is now, and during the pendency of this action will be, in the jurisdiction of this Court.

## JURISDICTION AND VENUE

5. The United States District Court for the District of New Mexico has subject matter jurisdiction under 28 U.S.C. §§ 1345, 1355(a) and 1356.

6. Venue for this civil forfeiture action is proper in this district pursuant to 28 U.S.C. §§ 1355 and 1395, as acts or omissions giving rise to the forfeiture took place in this district and the property is found in this district. Upon the filing of this complaint, the Defendant Currency will be arrested by execution of a Warrant for Arrest *In Rem* in the District of New Mexico.

## FACTS

7. On March 21, 2019, at approximately 7:50 p.m., Oscar Armando Castaneda-Villegas ("Oscar Castaneda") approached the United States Border Patrol ("USBP") checkpoint on Highway 54 in Otero County, New Mexico. Oscar Castaneda was driving a white Honda Civic bearing Texas license plate JZN8341, which was registered in his name.

8. U.S. Border Patrol Agents ("BPAs") at the primary inspection area inquired as to Oscar Castaneda's citizenship, and he responded by presenting a valid Permanent Resident Card. BPAs made the same inquiry of Oscar Castaneda's sole passenger, Jael Castaneda-Villegas ("Jael Castaneda"), who replied that she was a Mexican citizen and presented a valid Border Crossing Card ("BCC") and valid I-94.

9. Jael Castaneda stated to BPA Eric Madrid that she was traveling to stay in Alamogordo, New Mexico, with Oscar Castaneda. BPA Eric Madrid noticed that Oscar Castaneda appeared to have a disability and observed a wheelchair and a walker in the backseat of the vehicle. BPA Madrid noted, however, that there was no luggage in the backseat of the vehicle.

10. Based on these observations, BPA Madrid instructed Oscar Castaneda to pull into the secondary inspection area. There, BPA Madrid requested consent to search the 2014 white Honda Civic from Oscar Castaneda. Oscar Castaneda gave consent.

11. BPAs conducted a search of the vehicle, and found in the trunk area that the carpet near the rear quarter panel appeared to be slightly pulled out. Furthermore, BPA Madrid observed what appeared to be a brick-shaped bundle in the rear quarter panel.

12. At that time, BPA Madrid detained both Oscar Castaneda and Jael Castaneda.

13. BPA Madrid then deployed a drug detecting canine to conduct an open-air sniff of the vehicle. The canine alerted to the trunk area of the vehicle.

14. BPA Madrid then began removing the bundles secreted in the vehicle's trunk. Upon removing one of the bundles, BPA Madrid noted that the package contained a white, powdery substance. BPAs field tested the substance, and it returned positive for the properties of cocaine.

15. In total, BPA Madrid located ten (10) bundles containing a white, powdery substance, and an eleventh bundle that was wrapped in gray duct tape. Inside this eleventh bundle, BPAs discovered $19,800 in United States currency.

16. After discovering this contraband, BPAs advised both Oscar Castaneda and Jael Castaneda of their rights. Both stated, in writing, that they understood their rights and wished to waive them.

17. During questioning by BPAs, both Oscar Castaneda and Jael Castaneda denied knowledge of the cocaine and the currency.

18. Drug Enforcement Administration ("DEA") Special Agents ("SAs") Daniel Herman and Charles Armour arrived on scene to conduct further questioning. Jael Castaneda told

agents that Oscar Castaneda was her uncle, but more like a father. She related that he had picked her up at the Bridge of the Americas ("BOTA") Port of Entry ("POE") in El Paso, Texas, at approximately 3:00 p.m., and that they were going to Ruidoso, New Mexico, to celebrate her birthday. Jael Castaneda denied all knowledge of the cocaine and currency to SAs Herman and Armour.

19. Oscar Castaneda initially denied crossing any POE that day. He told SAs Herman and Armour that he had picked up his niece at the BOTA POE because she did not have to attend work or school that day, and she was to take care of him in Alamogordo, New Mexico.

20. Oscar Castaneda than amended his story and admitted crossing from Mexico into the United States at the Santa Teresa POE on the day in question.

21. SAs asked Oscar Castaneda if he had been with his vehicle the entire time from his crossing at the POE until the USBP checkpoint where the vehicle was searched. Oscar Castaneda initially stated that he had been with his vehicle the entire time.

22. Oscar Castaneda then recanted and stated that he had taken his vehicle to get the tires changed. He insisted the cocaine must have been put in his vehicle at that point. Oscar Castaneda could not remember, however, where he had gotten the tires changed, or how much it cost. He could not even recall if the tires were changed in the United States or Mexico. Further, he could produce no receipts or paperwork demonstrating that such work had been done on his vehicle.

23. Oscar Castaneda explained to SAs Herman and Armour that he maintained residences in Almogordo, New Mexico, El Paso, Texas, and Ciudad Juarez, Mexico. SAs Herman and Armour asked Oscar Castaneda how he could afford so many properties being unemployed, and he had no answer.

24. SAs Herman and Armour seized the currency as the proceeds of narcotics trafficking.

25. SAs Herman and Armour transported the currency to Citizens Bank for an official count. The currency amount totaled $19,800 in U.S. Currency in the following denominations: 94 in $100 dollar bills, 16 in $50 dollar bills, 477 in $20 dollar bills, and 6 in $10 dollar bills.

## FIRST CLAIM FOR RELIEF

26. The United States incorporates by reference the allegations in paragraphs 1 through 25 as though fully set forth.

27. Title 21, United States Code, Section 881(a)(6) subjects to forfeiture "[a]ll moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter."

28. Defendant Currency was furnished, or intended to be furnished, in exchange for a controlled substance, or constitutes proceeds traceable to such an exchange, or was used or intended to be used to facilitate a violation of the Controlled Substances Act and is thus subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6).

## SECOND CLAIM FOR RELIEF

29. The United States incorporates by reference the allegations in paragraphs 1 through 25 as though fully set forth.

30. Title 18, United States Code, Section 981(a)(1)(C) provides, in part, for the forfeiture of any property, real or personal, which constitutes or is derived from proceeds traceable

to an offense constituting a "specific unlawful activity" (SUA) as defined in 18 U.S.C. § 1956(c)(7), or conspiracy to commit such offense.

31. 18 U.S.C. § 1952 prohibits interstate and foreign travel or transportation with the intent to (1) distribute the proceeds of any unlawful activity; (2) commit any crime of violence to further any unlawful activity; or (3) otherwise promote, manage, establish, carry on, or facilitate the promotion, management, establishment, or carrying on, of any unlawful activity. Unlawful activity is defined in 18 U.S.C. § 1952(b).

32. Defendant Currency is the proceeds of a violation of 18 U.S.C. § 1952 or is the proceeds traceable to such property and, is thus subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(C).

WHEREFORE Plaintiff seeks arrest of Defendant Currency and forfeiture of same to Plaintiff, determination of the validity and priority of claims of the Claimants and any Unknown Claimants to the Defendant Currency, costs and expenses of seizure and of this proceeding, and other proper relief.

Respectfully submitted,

JOHN C. ANDERSON
United States Attorney

KRISTOPHER DALE JARVIS
STEPHEN R. KOTZ
Assistant United States Attorneys
200 North Church Street
Las Cruces, NM 88001
(575) 522-2304

## 28 U.S.C. § 1746 DECLARATION

I am a Special Agent with the Drug Enforcement Administration who has read the contents of the Complaint for Forfeiture *In Rem* to which this Declaration is attached; and the statements contained in the complaint are true to the best of my knowledge and belief.

I declare under penalty of perjury and the laws of the United States of America that this Declaration is true and correct, except as to matters stated on information and belief, and as to those matters I believe them to be true.

Dated: 9/30/19

Daniel J. Herman, Special Agent
Drug Enforcement Administration

JS 44 (Rev. 09/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**
United States of America

**DEFENDANTS**
$19,800.00 in United States Currency, et al.

**(b)** County of Residence of First Listed Plaintiff ______
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant ______
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Kristopher Dale Jarvis, Assistant United States Attorney
200 N. Church Street, Las Cruces, NM 88001
575-522-2304

Attorneys *(If Known)*

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

- [X] 1 U.S. Government Plaintiff
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

**REAL PROPERTY**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
☐ 365 Personal Injury - Product Liability
☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
☐ 440 Other Civil Rights
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/ Accommodations
☐ 445 Amer. w/Disabilities - Employment
☐ 446 Amer. w/Disabilities - Other
☐ 448 Education

**PRISONER PETITIONS**
Habeas Corpus:
☐ 463 Alien Detainee
☐ 510 Motions to Vacate Sentence
☐ 530 General
☐ 535 Death Penalty
Other:
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition
☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
[X] 625 Drug Related Seizure of Property 21 USC 881
☐ 690 Other

**LABOR**
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Management Relations
☐ 740 Railway Labor Act
☐ 751 Family and Medical Leave Act
☐ 790 Other Labor Litigation
☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
☐ 462 Naturalization Application
☐ 465 Other Immigration Actions

**BANKRUPTCY**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
☐ 820 Copyrights
☐ 830 Patent
☐ 835 Patent - Abbreviated New Drug Application
☐ 840 Trademark

**SOCIAL SECURITY**
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
☐ 375 False Claims Act
☐ 376 Qui Tam (31 USC 3729(a))
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 480 Consumer Credit (15 USC 1681 or 1692)
☐ 485 Telephone Consumer Protection Act
☐ 490 Cable/Sat TV
☐ 850 Securities/Commodities/ Exchange
☐ 890 Other Statutory Actions
☐ 891 Agricultural Acts
☐ 893 Environmental Matters
☐ 895 Freedom of Information Act
☐ 896 Arbitration
☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
☐ 950 Constitutionality of State Statutes

**V. ORIGIN** *(Place an "X" in One Box Only)*
[X] 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from Another District *(specify)* ☐ 6 Multidistrict Litigation - Transfer ☐ 8 Multidistrict Litigation - Direct File

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
21 U.S.C. § 881(a)(6) and 18 U.S.C. § 981(a)(1)(C)
Brief description of cause:

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
**DEMAND $**
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** *(See instructions)*:
JUDGE ______ DOCKET NUMBER ______

DATE
09/30/2019

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______